UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Daniel Dondrekus Johnson, | ) C/A No. 6:17-1755-HMH-KFM |
| Petitioner, | ) |
| vs. | ) |
| United States of America, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

The petitioner, proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The petitioner is a federal prisoner at FCI-McDowell, in Welch, West Virginia. He alleges that he has been held past the expiration of his sentence. For the reasons set forth below, this action is subject to summary dismissal.

## BACKGROUND

The petitioner was convicted by guilty plea in the United States District Court for the District of South Carolina (doc. 1-2 at 1). On November 30, 2012, the petitioner was sentenced to 42 months imprisonment and 3 years supervised release. *United States v. Johnson*, Cr. No. 8:11-02354-HMH-1 (D.S.C. Nov. 30, 2012) (ECF No. 74); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). He filed a § 2255 petition, which was denied on May 8, 2014. *Id*. (ECF No. 108). On September 4, 2015, the petitioner was sentenced to 2 years imprisonment for failure to comply with the conditions of his supervised release. *Id.* (ECF No. 130). It appears that he is challenging the computation of this sentence. He contends that he entitled to 378 days

credit for time he served in county jail that he did not receive (*id*. at 2). He seeks a new computation of his time (doc. 1-2 at 9).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal or transfer. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This court does not have jurisdiction over the petition here pursuant to § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v.*

*Rivera*, No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). The petitioner is attacking the calculation of his sentence, and this action is properly brought pursuant to § 2241. A petition under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); 28 U.S.C. § 2241(a). Even though he named the "United States of America" as the respondent on his petition, the settled law is that the proper respondent in a habeas corpus action filed by an incarcerated prisoner is the warden of the prison where the prisoner is housed at the time the petition was filed. *Rumsfeld*, 542 U.S. at 434–35.

Because the petitioner is incarcerated in West Virginia and the warden of that institution is not located within the geographical limits of this United States District Court, the petitioner cannot obtain personal jurisdiction over the warden. *See Rumsfield*, 542 U.S. at 446–47; *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494–500 (1973); *Kanai v. McHugh*, 638 F.3d 251, 255–56 (4th Cir.2011). As a result, the petition was filed in the wrong court, and this court cannot rule on the merits of the petitioner contentions.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file an answer or return. **The petitioner's attention is directed to the important notice on the next page.**

August 8, 2017　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).