IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**DANIEL DONDREKUS JOHNSON,**

      **Petitioner,**

v.                                       **Case No. 1:17-cv-03864**

**WARDEN, USP McCreary,**

      **Respondent.**

## PROPOSED FINDINGINS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and his Motion to Amend Sentence (ECF No. 24). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed the instant petition[1], the petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a two-year term of imprisonment imposed by the United States District Court for the District of South Carolina for a violation of his term of supervised release. (ECF No. 22 at 2). The petitioner's section 2241 petition seeks the application of 378 days of prior custody credit

---

1  The petitioner initially filed this petition in the United States District Court for the District of South Carolina, which transferred the matter to this court on August 23, 2017.

against his federal sentence for time he spent in state custody serving a separate state sentence, despite having been denied a *nunc pro tunc* designation.

On November 1, 2017, the undersigned issued an Order to Show Cause directing the respondent to respond to the petition. On November 27, 2017, the respondent filed a Response (ECF No. 22) asserting that the petitioner had received the proper sentencing credit and that his petition should be denied. On November 30, 2017, the petitioner filed a Motion to Amend Sentence (ECF No. 24), seeking to provide documentation that he believed supports his claim that he is entitled to additional custody credit to his federal sentence. On January 8, 2018, the petitioner filed a "Response to Respondent's Motion to Dismiss Petition" (ECF No. 25), which the undersigned construes as a reply brief.

The petitioner was released from BOP custody on May 31, 2018. Accordingly, his section 2241 petition is now moot and this court lacks jurisdiction to provide him any relief.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v.*

*Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).  As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from BOP custody.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Motion to Amend Sentence (ECF No.24) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

<u>June 7, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge